Kate E. Juvinall SBN: 315659
Kate.Juvinall@huschblackwell.com
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8361- Telephone
(816) 983-8080 - Facsimile

Josef S. Glynias [*Pro Hac Vice* application forthcoming]
Joe.Glynias@huschblackwell.com
Scott D. Meyers [*Pro Hac Vice* application forthcoming]
Scott.Meyers@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500 – Telephone
(314) 480-1505 – Facsimile

Attorneys for Defendant
TreeHouse Private Brands, Inc.

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| JOSE MAGANA,<br><br>             Plaintiff,<br><br>v.<br><br>TREEHOUSE PRIVATE BRANDS, INC., and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No.: 1:20-at-566 **TEMPORARY**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a-b) AND 1446**<br><br>**(DIVERSITY JURISDICTION)**<br><br>(Filed concurrently with the Notice of Interested Parties; Civil Cover Sheet; Declaration of Christina Werner; and Declaration of Kate Juvinall) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant TreeHouse Private Brands, Inc. ("TreeHouse"), by and through its counsel, hereby removes this action to the United States District Court for the Eastern District of California, Fresno Division. As grounds for removal, TreeHouse states as follows:

## I.   BACKGROUND

1. On June 22, 2020, Plaintiff Jose Magana filed a Complaint against TreeHouse and DOES 1 through 100 in the Superior Court of California in and for Tulare County, entitled *Jose Magana v. TreeHouse Private Brands, Inc., et al.*, Case No. 283247 ("Complaint").

2. TreeHouse was served with a copy of the Complaint and a summons from the state court on July 8, 2020. A true and accurate copy of all the documents served on TreeHouse in this case to date are attached as <u>Exhibit A</u>. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of service of the Summons and Complaint on TreeHouse.

3. The Complaint alleges six causes of action: (1) Disability Discrimination [Cal. Govt. Code §§ 12940(a), (h), & (k)]; (2) Failure to Reasonably Accommodate a Disability [Cal. Govt. Code § 12940(m)]; (3) Failure to Engage in the Interactive Process [Cal. Govt. Code § 12940(n)]; (4) Wrongful Termination in Violation of Public Policy; (5) Failure to Pay Meal Period Premium Compensation [Cal. Lab. Code § 512]; and (6) Failure to Produce Wage Records [Cal. Lab. Code 226(b)].

4. TreeHouse has not filed an answer in this case.

5. As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that TreeHouse will serve a notice of removal on Plaintiff's counsel and file it with the Clerk of Tulare County Superior Court.

6. Venue for this action lies in the United States District Court for the Eastern District of California, Fresno Division, under 28 U.S.C. § 1441 because it is the judicial district in which the action was filed and where the case is pending.

## II.     ORIGINAL JURISDICTION – DIVERSITY JURISDICTION

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is one which may be removed to this Court by TreeHouse under 28 U.S.C. § 1441(b) because (1) there is complete diversity of citizenship between Plaintiff and TreeHouse; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists

8. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

9. **Plaintiff's Citizenship.** TreeHouse is informed and believes that Plaintiff is, and at all relevant times was, a resident of and domiciled in California. Compl. ¶ 2. Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of California.

10. **Corporate Defendant's Citizenship.** A corporate defendant is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

11. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

12. TreeHouse is incorporated in the state of Missouri. Declaration of Christina Werner, at ¶ 5, attached as Exhibit B [hereafter "Werner Decl. ¶ __."].

13. TreeHouse maintains its corporate headquarters and principal place of business at 2021 Spring Road, Oak Brook, Illinois 60523. Werner Decl. ¶ 6.

14. TreeHouse's management-level executives and corporate officers maintain offices in Oak Brook and its corporate decisions are made through its Oak Brook headquarters. Thus, Illinois is Treehouse's "nerve center." Werner Decl. ¶ 7.

15. TreeHouse is therefore a citizen of Missouri and Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1).

16. Based on the foregoing, complete diversity exists between Plaintiff and TreeHouse because Plaintiff is a citizen of California and TreeHouse is a citizen of Missouri and Illinois.

17. **Doe Defendants**. In determining whether a civil action is removable under 28 U.S.C. § 1332(a), citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b). Thus, the existence of Doe Defendants one through one hundred does not deprive this Court of jurisdiction.

### B. The Amount in Controversy Requirement is Satisfied

18. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

19. Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more than probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

20. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2010). Of course, TreeHouse denies that Plaintiff is entitled to any relief.

21. Plaintiff's Complaint seeks damages for back pay, front pay, emotional distress damages, unpaid meal period premium wages, statutory and civil penalties, punitive damages, "other damages according to proof" and attorneys' fees. Compl. at "Prayer for Relief."

22. At the time of Plaintiff's discharge on October 5, 2018, Plaintiff's regular rate of pay was $15.75. Werner Decl. at ¶ 9. Therefore, based on the allegations in

Plaintiff's Complaint, and considering only straight-time hours worked, Plaintiff's potential back pay damages through the date of removal are **$60,480.00**.

23. Plaintiff also alleges that TreeHouse routinely failed and refused to provide him with timely, uninterrupted and fully off-duty meal periods during Plaintiff's work shifts, and failed to compensate him when he worked during meal periods. Compl. ¶ 57.

24. Plaintiff's entire employment—from October 31, 2016 through October 5, 2018—is included within the limitations period for his meal period claim, which constitutes approximately 101 workweeks. Werner Decl. ¶ 9. Based on Plaintiff's regular rate of pay of $15.75 per hour, the amount in controversy for Plaintiff's meal period claim is at least $7,953.75: $15.75 x five meal period violations per week x 101 workweeks = **$7,953.75**.

25. Plaintiff also seeks damages for emotional distress. District courts throughout California routinely consider emotional distress damages when determining the amount in controversy for removal purposes. *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (considering emotional distress damages when finding amount in controversy exceeded $75,000.00). When analyzing emotional distress damages, courts in this district look to jury verdicts from similar cases. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018) (considering emotional distress damages when determining the amount in controversy to be more than $75,000.00 by looking at similar verdicts).

26. Considering jury verdicts from similar cases, the amount in controversy for Plaintiff's emotional distress damages alone exceeds the necessary threshold for removal. *See, e.g.*, *Passantino v. Johnson*, 212 F.3d 493 (9th Cir. 2000) (upholding $1 million emotional distress award in discrimination case where the plaintiff neither sought nor obtained psychiatric treatment); *Avila v. Kiewit Corporation*, Case No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019) (including emotional distress damages in amount in controversy calculation where verdicts in other employment discrimination cases awarded $45,000.00 and $125,000.00 for emotional

distress damages). Even conservatively applying a 1:1 ratio of emotional distress damages to economic damages, as the *Adkins* court did, the amount in controversy is easily satisfied here.

27. Finally, in determining the amount in controversy, the Court must also include attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may consider the number of hours and the hourly rate of Plaintiff's counsel in assessing the potential amount of an attorneys' fee award. Assuming that Plaintiff's counsel in this case has an hourly rate of at least $400.00, and conservatively estimating that Plaintiff's counsel will spend at least 200 hours litigating Plaintiff's claims to verdict, the attorneys' fees alone (calculated as [$400 hourly rate x 200 hours = $80,000.00]) exceed $75,000.00. Plaintiff's prayer for recovery of attorneys' fees is further evidence that the amount in controversy exceeds $75,000.00, as already established above.[1]

28. Accordingly, a review of the allegations contained in Plaintiff's Complaint demonstrates that it is more probable than not that Plaintiff's claims, as pled, exceed the $75,000.00 minimum jurisdictional amount for diversity jurisdiction in this Court.[2]

**III.   CONCLUSION**

29. As established above, there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1441.

30. Defendant Treehouse Private Brands, Inc. respectfully removes this action now pending in the Superior Court of California in and for Tulare County to the United States District Court for the Eastern District of California.

---

[1] Plaintiff also alleges that he seeks special damages and punitive damages according to proof. *Simmons*, 209 F. Supp. 2d at 1031 (special damages and punitive damages should also be included when calculating amount in controversy for diversity jurisdiction).

[2] Additionally, on Plaintiff's Civil Case Cover Sheet, Plaintiff checked the box indicating that he is seeking "Unlimited" monetary damages. *See* <u>Exhibit A</u>, Form CM-010.

1  DATED: August 7, 2020

2                                   By: /s/ Kate Juvinall
                                    Kate E. Juvinall SBN: 315659
3                                   Kate.Juvinall@huschblackwell.com
                                    **HUSCH BLACKWELL LLP**
4                                   4801 Main Street, Suite 1000
                                    Kansas City, MO 64112
5                                   (816) 983-8361- Telephone
                                    (816) 983-8080 - Facsimile
6
                                    Josef S. Glynias [*Pro Hac Vice* application
7                                   forthcoming]
                                    Joe.Glynias@huschblackwell.com
8                                   Scott D. Meyers [*Pro Hac Vice* application
                                    forthcoming]
9                                   Scott.Meyers@huschblackwell.com
                                    **HUSCH BLACKWELL LLP**
10                                  190 Carondelet Plaza, Suite 600
                                    St. Louis, MO  63105
11                                  (314) 480-1500 – Telephone
                                    (314) 480-1505 – Facsimile
12
                                    Attorneys for Defendant
13                                  TreeHouse Private Brands, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
NOTICE OF REMOVAL
DocID: 4830-2659-9621.2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 7th day of August, 2020, the foregoing was filed with the Court via the Court's CM/ECF System and was served via first-class U.S. Mail, upon the following:

Lawyers for Employee and Consumer Rights
Shelley K. Mack
4100 West Alameda Avenue, Third Floor
Burbank, CA 91505
Attorneys for Plaintiff

/s/ Kate E. Juvinall
Attorney for Defendant